[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 18, 2005
THOMAS K. KAHN
CLERK

No. 04-14369
Non-Argument Calendar

_____

D. C. Docket No. 04-20229-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YUNIOR CARTY ALMONTE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 18, 2005)**

Before BIRCH, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Yunior Carty Almonte appeals his 30-month prison sentence for pleading

guilty to importing a detectable amount of cocaine into the United States, in violation of 21 U.S.C. sections 952(a) and 960(b)(3). Almonte contends his constitutional rights because a jury did not find the quantity of cocaine Almonte possessed. Because Almonte admitted at the plea colloquy that he possessed 563.2 grams of cocaine, we affirm the district court.

Almonte was arrested in Miami en route from St. Maarten, in the Caribbean, to London, England. United States Customs agents discovered that Almonte had ingested 55 latex pellets filled with cocaine. A grand jury returned a two-count indictment against Almonte that charged him with importing a detectable amount of cocaine and possessing cocaine with intent to distribute, in violation of 21 U.S.C. section 841.

Almonte pleaded guilty to importing a detectable amount of cocaine in return for dismissal of the second count of the indictment. During the plea colloquy, the prosecutor recited the factual basis for the charges against Almonte. The prosecutor stated that, if the case had proceeded to trial, the government would have proved, beyond a reasonable doubt, that Almonte met two men in St. Maarten who paid him $500 to ingest the cocaine, the two men agreed that Almonte would receive $3000 more upon his arrival in London, and the cocaine in Almonte's possession weighed 563.2 grams. The prosecutor concluded his statement by

saying that, "Based on th[at] evidence, a jury could have found beyond a reasonable doubt that ... Almonte, knowingly and intentionally imported ... a detectable amount of cocaine into the United States ...." Almonte agreed that the factual statement made by the prosecutor was correct and confirmed that he had no questions regarding that statement. Almonte also expressly waived his right to a trial by jury.

At the sentencing hearing, Almonte objected to the presentence investigation report on the ground that his stipulation regarding the quantity of cocaine at his plea colloquy was not, in fact, a stipulation regarding drug quantity under Blakely v. Washington, 124 S. Ct. 2531 (2004), and section 1B1.2 of the sentencing guidelines. Almonte's attorney did not, however, dispute any part of the plea colloquy and acknowledged that Almonte agreed with the statement of facts presented by the government. The district court overruled the objection and sentenced Almonte to 30 months in prison. The statutory maximum penalty for the crimes to which Almonte pleaded guilty is 20 years, 21 U.S.C. section 960(b)(3), and the sentencing range under the guidelines was between 30 and 37 months.

In Blakely, the Supreme Court held that, under the Sixth Amendment, the imposition of a sentencing enhancement must be supported by facts that were either admitted by the defendant or found beyond a reasonable doubt by the jury.

3

124 S. Ct. at 2538.  In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme

Court extended the reasoning of Blakely to the federal sentencing guidelines.  The

Booker Court reiterated, "Any fact (other than a prior conviction) which is

necessary to support a sentence exceeding the maximum authorized by the facts

established by a plea of guilty or a jury verdict must be admitted by the defendant

or proved to a jury beyond a reasonable doubt."  Booker, 125 S. Ct. at 756.

Because Almonte timely raised his constitutional objection at his sentencing

hearing, we review the decision of the district court de novo.  See United States v.

Sanchez, 269 F.3d 1250, 1272 (11th Cir. 2002) (en banc).

Almonte argues that the district court erroneously calculated his sentence

based on the statement of facts by the prosecutor regarding Almonte's possession

of more than 500 grams of cocaine.  Almonte contends that a sentence based on

possession of more than 500 grams of cocaine would result in the application of a

mandatory minimum sentence of five years in prison and, under section 1B1.2 of

the sentencing guidelines, Almonte argues that he could not stipulate verbally to

such an uncharged crime.  Almonte contends that his base offense level and

relevant adjustments would have resulted in a sentence of between 8 and 12

months in prison.  Almonte urges reversal of his sentence because the 30 months in

prison to which he was sentenced exceed that range.

4

This argument fails. Before the Supreme Court decided <u>Booker</u>, we stated that "a stipulation to a specific drug quantity–whether as part of a written plea agreement, part of a jury trial, or at sentencing–serve[s] as the equivalent of a jury finding on that issue, since the stipulation takes the issue away from the jury." <u>Sanchez</u>, 269 F.3d at 1271. <u>Booker</u> did not change that rule. After <u>Booker</u>, we held that a sentence imposed based on facts that a defendant had admitted during his guilty plea was not a constitutional error. <u>United States v. Frye</u>, No. 03-16377, slip op. at 10 (11th Cir. Feb. 10, 2005). Because Almonte admitted to the facts recited by the prosecutor, one of which was that Almonte possessed 563.2 grams of cocaine, the district court did not err when it based Almonte's sentence on his admission of that fact.

**AFFIRMED.**